On respondent Employment Relation Board's reconsideration filed May 9, former opinion filed March 10 (45 Or App 161, 607 P2d 1212), reconsideration allowed, former opinion adhered to June 16, petition for review denied December 16, 1980 (290 Or 249)

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCALS 626 and 2831, et al,
*Petitioners,*

*v.*

LANE COUNTY BOARD OF COMMISSIONERS, et al,
*Respondents.*

(No. C-216-79, CA 15735)

612 P2d 759

James M. Brown, Attorney General, Salem, filed the petition for respondent Employment Relations Board.

Before Buttler, Presiding Judge, and Gillette, and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This case is before us on a petition by the Employment Relations Board (ERB) for reconsideration of our opinion in *AFSCME v. Lane County,* 45 Or App 161, 607 P2d 1212 (1980). ERB asks us to remand the case to it for further consideration of a statutory issue.

In our former opinion, we reversed an order of ERB that declared a strike by the American Federation of State, County and Municipal Employees (the union) against Lane County to be in violation of the collective bargaining agreement between those parties. In so doing, we assumed that the ERB had determined that the strike was not in violation of a statute, ORS 243.726, as opposed to being in violation of the parties' collective bargaining agreement.[1]

ERB argues that we misconstrued its order when we stated that "ERB determined that the strike was not in violation of ORS 243.726." That contention is based on that portion of the ERB's order in the case entitled "Ruling on Petition," which stated

> *"It is not necessary to rule* on that portion of the Complaint/Petition which requests the declaration of an unlawful strike in view of our holding that the Unions violated the contract as alleged in the complaint." (Emphasis supplied).

Standing alone, we would agree that this statement by ERB contradicts the statement in our opinion. However, at another point in its order, ERB entered the following "Conclusion of Law:"

> "3. The strike by the Unions is not unlawful under the provisions of ORS 243.726(2).
>
> "Oregon law permits public employes to strike only under limited conditions. Those conditions are set out in ORS 243.726."

---

[1] We said,

"We hold that, *once the ERB had determined that the strike was not in violation of ORS 243.726,* it had no authority to ignore the mandatory grievance procedures of the collective bargaining agreement. * * *" (Emphasis supplied).

The unfair labor practice complaint filed by the county alleged as its first claim that the strike by the union violated the no-strike clause of the contract. The second claim was that the complaint constituted a "proceeding for the prevention of a prohibited practice" within the meaning of ORS 243.726(2)(b), that the strike was in violation of ORS 243.726(2)(b) and, as such, was in unfair labor practice under ORS 243.672(2)(c). There was no other alleged violation.

In its Conclusions of Law, in addition to Conclusion No. 3, *supra,* ERB stated:

> "The purpose of ORS 243.726(2)(b) is to prohibit unfair labor practice strikes by requiring the exclusive representative to exhaust available unfair labor practice procedures, thereby eliminating any question as to whether a strike is over economic disputes or unfair labor practices.
>
> * * * *
>
> "In short, the requirement of ORS 243.726(2)(b) prevents unfair labor practice strikes, and therefore, necessarily applies to labor organizations. The County cannot rely upon its unfair labor practice complaint and this Board's final determination thereon, to block an otherwise legal strike under ORS 243.726."

Reading the ERB order as a whole, it is inescapable that ERB fully considered the possibility of resolving this case under ORS 243.726 and concluded that it could not do so. Its "Conclusion of Law" Number 3 memorializes that view. To now remand the case for ERB once again to assess that issue, as ERB urges us to do, would exalt form over substance. ERB has had its opportunity to consider this apple. It does not require a second bite.[2]

Reconsideration granted. Former opinion adhered to.

---

[2] We note additionally that the union asserted in the "statement of the case" in its original brief to this court that

"* * *[t]he ERB ruled that the strike was *not* unlawful under any of the *statutory* requirements of ORS 243.726(2) * * *. " (Emphasis in original)

and that both of the respondents (including ERB) accepted this statement.